UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYBIL C. SCHNEIDER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5918** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant State Farm Insurance Company to dismiss the breach-of-insurance-contract claims and the statutory bad-faith and unfair-insurance-practices claims that Plaintiffs Sybil C. Schneider and Edward Schneider assert against it. State Farm Insurance Company contends that Plaintiffs fail to state any claims against it because the insurance policy that is referenced in Plaintiffs' petition and central to Plaintiffs' claims shows that State Farm Insurance Company is not Plaintiffs' insurer; its Co-Defendant, State Farm Fire and Casualty Company, is. State Farm Insurance Company's motion to dismiss was noticed for submission on December 27, 2023;[2] Plaintiffs' response was thus due on December 19, 2023. *See* LOCAL CIVIL RULE 7.5. Seven months have passed, and Plaintiffs have failed to file a response. The Court therefore considers the motion to dismiss unopposed.

---

[1] ECF No. 11.
[2] ECF No. 11-3.

The unopposed motion has merit. This dispute arises from Plaintiffs' claim that State Farm Insurance Company and State Farm Fire and Casualty Company failed to timely and adequately pay them the proceeds due under Policy No. 18-BD-V412-8 (the "Policy") for damage their St. Charles Parish property suffered during Hurricane Ida.[3] Plaintiffs sued both State Farm Insurance Company and State Farm Fire and Casualty Company in state court, alleging that both Defendants (1) breached the Policy;[4] (2) violated statutory duties delineated in Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes;[5] and (3) committed "unfair claims handling practices," in violation of Section 22:1964 of the Louisiana Revised Statutes.[6]

Both Defendants removed the case based on diversity jurisdiction.[7] *See* 28 U.S.C. § 1332(a)(1). One Defendant—State Farm Insurance Company—now moves to dismiss, contending Plaintiffs fail to state claims against it because it did not issue the Policy; the other Defendant—State Farm Fire and Casualty Company—did issue the policy.[8]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

---

[3] *See generally* ECF No. 3-1. The petition refers to State Farm Insurance Company and State Farm Fire and Casualty Company collectively as "State Farm." *Id.* at ¶ 1.
[4] *Id.* at ¶¶ 31–36.
[5] *Id.* at ¶¶ 37–47.
[6] *Id.* at ¶¶ 48–51 (alterations omitted).
[7] ECF No. 1.
[8] ECF Nos. 11 & 11-1.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). The Court considers the Policy because it is attached to State Farm Insurance Company's motion,[9] central to Plaintiffs' claims, and referenced in Plaintiffs' petition.[10] *See, e.g., id.* (considering insurance policy attached to Rule 12(b)(6) motion to dismiss).

The Policy itself confirms that Plaintiffs fail to state any plausible claims against State Farm Insurance Company. That is because the Policy confirms that State Farm Insurance Company did not issue it: The Policy's declaration page states that "[t]his policy is issued by the *State Farm Fire and Casualty Company*."[11] So, State Farm Insurance Company is not Plaintiffs' insurer with respect to the Hurricane Ida property-damage claim that underlies all of Plaintiffs' claims.

That the Policy was issued by State Farm Fire and Casualty Company—and not State Farm Insurance Company—dooms Plaintiffs' claims against State Farm

---

[9] ECF No. 11-2.
[10] ECF No. 3-1 at ¶ 5.
[11] ECF No. 11-2 at 4 (emphasis added).

3

Insurance Company. That is because all of Plaintiffs' claims against State Farm Insurance Company require a contractual or insurer–insured relationship between Plaintiffs and State Farm Insurance Company with respect to coverage under the Policy for the Hurricane Ida damage to Plaintiffs' property.[12] Because the Policy referenced in Plaintiffs' petition and central to Plaintiffs' claims confirms that there is no such relationship between Plaintiffs and State Farm Insurance Company, Plaintiffs fail to state plausible claims against State Farm Insurance Company.

Accordingly,

**IT IS ORDERED** that Defendant State Farm Insurance Company's unopposed motion[13] to dismiss is **GRANTED**. Plaintiffs' claims against Defendant State Farm Insurance Company are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of July, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[12] Plaintiffs' breach-of-contract claim "requires . . . a contractual relationship" with State Farm Insurance Company. *Regions Ins., Inc. v. All. CAB Serv., LLC*, 2019-0714, p. 5 (La. App. 4 Cir. 3/4/20); 293 So. 3d 1218, 1222 (internal citation and quotation marks omitted). Plaintiffs' bad-faith claims require a contract of insurance with State Farm Insurance Company, *see* LA. STAT. ANN. § 22:1892(A)(1) (imposing duties on "insurers issuing any type of contract" under which "any claim [is] due any insured"), or an insurer–insured relationship with State Farm Insurance Company, *see* LA. STAT. ANN. § 22:1973(A) (delineating duties "[a]n insurer . . . owes to his insured"). And Plaintiffs' unfair-insurance-practices claim necessarily requires an insurer–insured relationship, because the allegedly wrongful or deceptive acts or practices identified in the petition, *see* ECF No. 3-1 at ¶ 49, presuppose the existence of such a relationship.[12] *See* LA. STAT. ANN. § 22:1964(1) (listing certain acts constituting "unfair or deceptive acts or practices in the business of insurance").

[13] ECF No. 11.

4